UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JACQUELINE SOLOMON                                   CIVIL ACTION

VERSUS

MCGREGOR MEDICAL, LLC, ET                       NO. 20-00641-BAJ-EWD
AL.

## RULING AND ORDER

Before the Court is a Motion for Summary Judgment (Doc. 35) filed by

Defendants McGregor Medical, LLC and Jay McGregor APRN-FNP.[1] The Motion is

unopposed. For the reasons stated herein the Motion (Doc. 35) is **GRANTED**.

## I.    BACKGROUND

This is a medical malpractice action. Plaintiff alleges that Defendants

breached the standard of care in prescribing Lisinopril to her husband. (Doc. 35-2, p.

2).  Plaintiff argues that McGregor failed to advise her husband that one of the

potential side effects of ACE inhibitors[2] such as Lisinopril is angioedema[3]. Plaintiff's

husband previously took Lisinopril for blood pressure management for several years

and reported no prior issues. (Doc. 35-3, p. 1).  As a result of taking Lisinopril as

---

[1] Defendant Jay McGregor APRN-FNP is a certified advance practice registered nurse –
family nurse practitioner who specializes in providing family focused care.
https://nursinglicensemap.com/advanced-practice-nursing/nurse-practitioner/family-nurse-
practitioner/what-is-fnp/
[2] Angiotensin-converting enzyme inhibitors are medications that help relax the veins and
arteries to lower blood pressure. https://www.mayoclinic.org/diseases-conditions/high-blood-
pressure/in-depth/ace-inhibitors/art-20047480
[3] Angioedema is the sudden onset of unilateral swelling of the lips or tongue.
https://www.webmd.com/skin-problems-and-treatments/angioedema-overview

prescribed by McGregor, Plaintiff's husband suffered a sudden and severe episode of apparent angioedema while driving and ultimately passed away in the hospital. (Doc. 35-2, p. 3).[4]

Plaintiff filed suit on August 28, 2020 in the Louisiana 21st Judicial District Court for the Parish of St. Helena.  Defendants promptly removed the case to this Court based on diversity jurisdiction. (Doc. 1). The Magistrate Judge issued a scheduling order setting deadlines of May 3, 2021 for Plaintiff to identify experts and June 15, 2021 to produce expert reports. (Doc. 14). Plaintiff has not done so.

---

[4]     Defendant filed a Statement of Undisputed Facts in support of its Motion, supported by record evidence, as required by Local Civil Rule 56. (Doc. 35-1). Plaintiff has not filed an opposition. Local Civil Rule 56(c) requires the following:

> A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule. Each such statement shall begin with the designation "Admitted," "Denied," or "Qualified" and, in the case of an admission, shall end with such designation.

Plaintiff failed to admit, deny, or qualify each fact by reference to each numbered paragraph.

Local Civil Rule 56(f) provides that "[f]acts contained in a supporting [] statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." Accordingly, the Court will deem each of Defendant's stated facts admitted pursuant to Rule 56(f).

The Court has repeatedly warned that its Local Rules carry the force of law, that parties appearing before the Court are charged with knowledge of its Local Rules, and that a party that "fails to comply with the Local Rules does so at his own peril." *Combs v. Exxon Mobil Corp.*, No. 18-cv-00459, 2020 WL 5121362, at *6 (M.D. La. Aug. 31, 2020) (Jackson, J.).

On September 22, 2021, Defendants filed the instant motion. (Doc. 35). Plaintiff had 21 days to file her opposition. (Doc. 35). More than 21 days have passed and Plaintiff has failed to oppose Defendant's motion. Accordingly, the Court will consider Defendant's Motion for Summary Judgment to be unopposed.

## II.    LEGAL STANDARD

A court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on motions for summary judgment, courts are required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Coleman v. Hous. Indep. School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

To survive summary judgment, however, the nonmoving party must do more than allege an issue of material fact: "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Auguster v. Vermilion Par. Sch. Bd.*, 249 F.3d 400, 402 (5th Cir. 2001) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "Rule 56 does not impose upon the district court a duty to sift through the record in search of

3

evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citations and quotation marks omitted). A party that fails to present competent evidence opposing a motion for summary judgment risks dismissal on this basis alone. *E.g., Broussard v. Oryx Energy Co.*, 110 F. Supp. 2d 532, 536 (E.D. Tex. 2000) ("Plaintiff produced no genuine issue of material fact to prevent the granting of Defendant's Motion, and therefore, the Court could grant Defendant's Motion for Summary Judgment on this basis alone.").

"Although the Defendant has the burden to establish that summary judgment is appropriate, its entitlement to relief can be accomplished by showing a complete absence of record evidence to support an essential, indeed a mandatory, element of the plaintiff's claim." *Myles v. Cajun Operating Co.*, No. CV 16-612-JWD-RLB, 2017 WL 8640923, at *2 (M.D. La. Oct. 11, 2017) (citing *Jolliff v. United States*, 2012 WL 2449952, at *6 (E.D. La. June 27, 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

## III.  DISCUSSION

Defendants move for summary judgment because Plaintiff has failure to produce any expert testimony or reports in support of her malpractice allegations. (Doc. 35-2, p. 5).

To recover on a claim of medical malpractice, Louisiana law requires that a plaintiff prove each of the following: (1) the applicable standard of care, (2) that the

4

defendant breached the standard of care, and (3) that the defendant's breach caused the plaintiff's injury. See La.Rev.Stat. Ann. § 9:2794. The United States Court of Appeals for the Fifth Circuit has determined that given the factual complexity of malpractice cases, "[e]xpert testimony is generally required to establish the applicable standard of care and whether or not that standard was breached, except where the negligence is so obvious that a lay person can infer negligence." *Davis v. Bio-Med. Applications of Louisiana LLC*, 335 F. App'x 404, 407 (5th Cir. 2009). Courts routinely grant summary judgment in cases where a plaintiff has not supported her opposition to summary judgment with an expert opinion. *See Abbott v. Town of Livingston*, No. CV 16-00188-BAJ-EWD, 2018 WL 3945601, at *4 (M.D. La. Aug. 15, 2018) (granting summary judgment where Plaintiff failed to provide an expert about proper leg injury treatment); *see also Dick v. United States*, No. 06-CV-0434, 2007 WL 1557208, at *5 (W.D. La. May 25, 2007) (granting summary judgment where Plaintiff failed to provide an expert about the proper treatment of cancer).

Here, Plaintiff has failed to timely identify any expert to support her allegations, nor has she produced any expert evidence. Considering Defendants' competent evidence and the lack of contrary evidence from Plaintiff, summary judgment is warranted in Defendant's favor. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**. (Doc. 35).

IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion for Summary Judgment (Doc. 35)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned matter be and is hereby **DISMISSED WITH PREJUDICE.** A judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 12th day of May, 2022

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

6